UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDAL MORALES,<br><br>               Petitioner,<br><br>   v.<br><br>WARDEN, FCI-MENDOTA,<br><br>               Respondent. | No. 1:22-cv-01592-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT**<br><br>**[Doc. 16]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties having consented to the jurisdiction of the Magistrate Judge, on February 2, 2023, the case was assigned to the undersigned for all further proceedings pursuant to 28 U.S.C. § 636(c)(1). (Docs. 7, 8, 9.)

On December 13, 2022, Petitioner filed the instant habeas petition. (Doc. 1.) On May 10, 2023, Respondent filed a motion to dismiss the petition. (Doc. 16.) Respondent contends the petition should be dismissed for lack of jurisdiction and failure to exhaust administrative remedies. (Doc. 16.) Petitioner did not file an opposition. Having reviewed the pleadings, the Court will GRANT Respondent's motion to dismiss and DISMISS the petition.

**DISCUSSION**

**I.    Motion to Dismiss**

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer.

See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

## II.     Background

Petitioner is serving a 300-month term of imprisonment for his conviction of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841. (Doc. 16-1 at 2-3.[1])

Petitioner is incarcerated at Federal Correctional Institution in Mendota, California. In his petition, Petitioner claims that the Bureau of Prisons ("BOP") determined him ineligible for First Step Act ("FSA") credits because he is subject to an immigration detainer. (Doc. 1 at 6.) According to BOP records, Petitioner has been determined ineligible to apply FSA time credits to his sentence not because of an immigration detainer but because he is subject to a "final order of removal." (Doc. 16-1 at 24.) He has a projected release date of January 3, 2035. (Doc. 16-1 at 11.)

According to the BOP's records of its Administrative Remedy Program, Petitioner has never submitted an Administrative Remedy Request with respect to the BOP's calculation of FSA time credits. (Doc. 16-1 at 3-4.)

## III.    The First Step Act

The First Step Act was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Under the First Step Act, prisoners "who successfully complete[ ] evidence-based

---

[1] Citations are to ECF pagination unless noted.

2

recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

The BOP determined that Petitioner was eligible to *earn* FTCs pursuant to the First Step Act, but the BOP determined that Petitioner was not eligible to have FTCs *applied* to his sentence. The BOP's determination is correct. According to the First Step Act,

> A prisoner is *ineligible to apply* time credits under subparagraph (C) if the prisoner is the *subject of a final order of removal* under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added). The statute is clear that Petitioner is not eligible to have FTCs applied to his sentence because he is subject to a final order of removal under immigration laws. Thus, Respondent is correct that Petitioner is statutorily barred and has no lawful basis to claim application of FTCs against his sentence.

## IV. Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28

C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. § 542.10 et seq.

According to Respondent, Petitioner has never requested relief through the BOP's administrative remedy process with respect to FTCs.  Thus, the claims are unexhausted.  The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted).  A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]"  Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted).  The exhaustion requirement should not be excused in this case because Petitioner has deliberately bypassed the administrative scheme.  Had he properly sought administrative relief, the BOP would have advised him of his immigration status and his ineligibility for application of FTCs pursuant to 18 U.S.C. § 3632(d)(4)(E)(i).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

3) The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:  **June 20, 2023**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE